UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-61710-JEM

AT LAW AND IN ADMIRALTY

HILDA RUIZ,

    Plaintiff,

v.

MSC CRUISES (USA) INC.,
a foreign corporation, and
MSC CROCIERE S.A.,
a foreign Corporation,

    Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendants and files this Amended Complaint for Damages, and says:

### THE PARTIES AND JURISDICTION

1.    This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and

1

is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff, HILDA RUIZ, is a resident of Orange County, Florida.

4. The Defendants, MSC CRUISES (USA) INC. and MSC CROCIERE S.A. are foreign corporations incorporated in Italy, authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Broward County, Florida.

5. The Defendants, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or
    b. Had an office or agency in this state and/or county; and/or
    c. Engaged in substantial activity within this state; and/or
    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on or about September 25, 2014 at approximately 3:10 p.m.

8. **LOCATION OF INCIDENT.** This incident occurred on onboard the MSC *Divina* cruise ship in the buffet area on the Afrodite deck. Accordingly, the Plaintiff's claims are governed by the general maritime law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger

Contract Ticket. The Defendants are in possession of the Passenger Contract Ticket or a facsimile thereof.

10. **DESCRIPTION OF THE INCIDENT.** MSC Crociere S.A. and MSC Cruises (USA) Inc. collectively d/b/a MSC Cruise Line (hereinafter MSC or the cruise line) operates the cruise ship MSC *Divina*. The MSC Divina calls at the port of Miami. The cruise line on the MSC Divina installed marble, polished stone, or glazed tile flooring on the enclosed buffet area adjacent to the pool. The cruise line knows that it has a continuous and repetitive problem on that flooring and in that area where passengers walk dripping wet from the pool into the buffet area. That causes water to accumulate on a repetitive basis on the marble, polished stone, or glazed tile flooring, which is extremely slippery when wet.

11. The cruise line has an obligation to keep the floors onboard its ship clean and dry for passengers to walk on. The cruise line also knows that when it wets the floors in public areas, especially high traffic areas and area with raised thresholds, it should block off the area, post warning signs in the area, or post personnel in the area to warn and block pedestrians from walking on the wet slippery floors. The cruise line also has a duty to inspect its floors for wet areas and to block off the area, post warning signs or post personnel in the area.

12. On the day of this accident, September 25, 2014, the cruise line allowed the floor to remain wet over an extended period of time, regardless of the source of the water or liquid, without posting reasonably placed warnings. Bathers, that is, other passengers, from the pool area continuously, over an extended period of time, walked from the pool dripping wet into the buffet area causing the flooring in that area to be wet. The floor was slippery when wet.

13. In the alternative, the cruise line mopped the area and left the area wet for an extended period of time without posting reasonably placed warnings.

14. When MSC Cruises passenger Ruiz walked across that area, she slipped and fell hard and fast hitting the back of her head on the marble, polished stone, or glazed tile floor. This hard and fast hit to the back of her head caused traumatic brain injury. When she fell, she reached back with her left arm to stop the fall. But this in turn caused her to jam and injure her left shoulder, requiring rotator cuff surgery with hardware.

15. Yet, the cruise line personnel chose not to post any warning signs and chose not to block off that floor area that day.

16. Accordingly, when Plaintiff, HILDA RUIZ walked over that floor, she slipped and fell back striking the back of her head on the hard floor, causing, among other injuries, traumatic brain injury and an injured shoulder, which has required surgery and the installation of hardware. The injuries sustained in this incident are permanent and debilitating.

## COUNT I
## NEGLIGENCE

17. The Plaintiff, HILDA RUIZ, hereby adopts and realleges each and every allegation in paragraphs 1 through 14, above.

18. **DUTIES OWED BY THE DEFENDANT**. The Defendants owe a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); Carlisle *v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Royal Caribbean Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be

expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Royal Caribbean,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997). More specifically "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and disembark." *McLean v. Royal Caribbean Cruises, Ltd.,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.,* 339 F 3rd 1309, 1319 (11th Cir. 2003). This duty is non-delegable and "even the slightest negligence renders a carrier liable." *McLean v. Royal Caribbean Cruises, Ltd.,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc*., 339 F.3d 1309, 1319 (11th Cir. 2003).

19. The Defendants breached those duties and was negligent by:

   a. Failing to keep the floor clean and dry to allow normal and safe foot traffic;

   b. Failing to inspect for and to observe on a reasonably frequent basis water, lotion, oils, grease, and/or other foreign substances from the floor from whatever source;

   c. Observing that the flooring was wet and slippery with foreign substances but failing to clean and dry the flooring;

    d.    Failing to clean and dry mop water and spills or areas of wetness from whatever source with dry mops, towels, blowers, and by other means;

    e.    Failing to warn that the floor was slippery and hazardous and/or wet by reasonable means including but not limited to properly and reasonably posting warning notices, signs, cones, or other devices in the area;

    f.    Failing to provide a mat or other floor covering over the slippery floor to allow people who traverse the floor area to use at least a section of the floor;

    g.    Failing to cordon or block off the wet and slippery area when it was discovered through reasonable inspection;

    h.    Failing to properly and reasonably train its employees in the proper methods of inspecting for wet areas, cleaning and drying wet area, warning of wet areas, blocking off wet areas, and monitoring the activities of people in the area;

    i.    Failing to properly and reasonably monitor and control the activities of people in an area especially an area where Defendant knows is an area of high traffic and continuous problems;

    j.    Failing to prevent distractions to invitees and failure to design a facility or an operation in the facility which does not have distractions to customers which would cause accidents;

    k.    Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    l.    Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

      m.      Providing negligent maintenance to the area or to the premises;

      n.      Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

      o.      Designing and building and not changing the deck which allowed substances and water to accumulate in an area for an unreasonable amount of time;

      p.      Allowing substances and water to accumulate on decks;

      q.      Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

      r.      Failure to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence; and

      s.      Failing to otherwise provide its passengers with a safe place to walk.

20.      The Defendants created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above in which the Plaintiff was severely injured.

21.      The Defendants either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

22.      The Defendants had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring

with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendants should have known about it.

23. In the alternative, notice to the Defendants is not required because the Defendants (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

24. The negligent condition was created by the Defendants; and was known to the Defendants; and had existed for a sufficient length of time so that Defendants should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendants.

25. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendants, and should have been foreseeable by the Defendants.

26. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury resulting in economic damages in the past and in the future including but not limited to loss of wages and income, loss of the ability or potential to earn money in the future, medical expenses including but not limited to the expense of physicians, hospitalization, medical and nursing care and treatment, surgical procedures, and physical therapy, and non-economic damages in the past and in the future including but not limited to pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

27. Wherefore, the Plaintiff demands Judgment against the Defendant for **economic damages** in the past and in the future including but not limited to loss of wages and income, loss of the ability or potential to earn money in the future, medical expenses including but not limited to the expense of physicians, hospitalization, medical and nursing care and treatment, surgical procedures,

and physical therapy, and **non-economic damages** in the past and in the future including but not limited to pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for the enjoyment of life, all court costs, all interest under the maritime law or otherwise which accrues from the date of the incident described herein, and any and all other damages which the Court deems just or appropriate.

      Hickey Law Firm, P.A.
*Attorney for Plaintiff*
1401 Brickell Avenue, Suite 510
Miami, FL 33131-3504
P: (305) 371-8000
F: (305) 371-3542
hickey@hickeylawfirm.com


By:  */s/ John H. Hickey*
    John H. Hickey (FBN: 305081)